IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

**JEFFERY LAIRD**                                                                                    **PLAINTIFF**

vs.                                                        No. 1:22-cv-259

**JIYA JEEL, LLC, and SHIRISH PATEL**                                    **DEFENDANTS**

## ORIGINAL COMPLAINT

Plaintiff Jeffery Laird ("Plaintiff"), by and through his attorney Courtney Lowery of Sanford Law Firm, PLLC, for his Original Complaint ("Complaint") against Defendants Jiya Jeel, LLC, and Shirish Patel (collectively "Defendants"), states and alleges as follows:

### I.   PRELIMINARY STATEMENTS

1. Plaintiff brings this action against Defendants for violations of the minimum wage and overtime provisions of the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq*. (the "FLSA").

2. Plaintiff seeks a declaratory judgment, monetary damages, liquidated damages, prejudgment interest, and a reasonable attorney's fee and costs as a result of Defendants' failure to pay proper compensation under the FLSA.

### II.   JURISDICTION AND VENUE

3. The United States District Court for the Southern District of Alabama has subject matter jurisdiction over this suit under the provisions of 28 U.S.C. § 1331 because this suit raises federal questions under the FLSA.

4. The acts complained of herein were committed and had their principal effect against Plaintiff within the Southern Division of the Southern District of Alabama; therefore, venue is proper within this District pursuant to 28 U.S.C. § 1391.

### III. THE PARTIES

5. Plaintiff is an individual and resident of Mobile County

6. Separate Defendant Jiya Jeel, LLC ("Jiya Jeel"), is a domestic limited liability company.

7. Jiya Jeel's registered agent for service of process is Shirish Patel at 3858 Dwight Court, Mobile, Alabama 36619.

8. Separate Defendant Shirish Patel ("Shirish") is an individual and resident of Alabama.

9. Shirish Patel is also known as Sunny Patel.

### IV. FACTUAL ALLEGATIONS

10. Shirish is a principal, director, officer, and/or owner of Jiya Jeel.

11. Shirish, in his role as operating employer of Jiya Jeel, had the power to hire and fire Plaintiff, often exercised supervisory authority over Plaintiff's work, including the day-to-day job duties that Plaintiff's job entailed, determined his work schedule, and made decisions regarding Plaintiff's pay, or lack thereof.

12. Shirish took an active role in operating Jiya Jeel and in the management thereof.

13. Defendants employ two or more individuals who engage in interstate commerce or business transactions, or who produce goods to be transported or sold in interstate commerce, or who handle, sell, or otherwise work with goods or materials that

have been moved in or produced for interstate commerce such as food and beverage products and fuel.

14. Plaintiff regularly used instrumentalities of interstate commerce such as the telephone and the internet in carrying out his job duties, as well as to communicate with Defendants regarding his job duties and work schedule. Plaintiff also ran customer credit cards.

15. At all times material herein, Plaintiff has been entitled to the rights, protections, and benefits provided under the FLSA.

16. At all times material herein, Plaintiff has been classified by Defendants as exempt from the overtime requirements of the FLSA, 29 U.S.C. § 207.

17. Defendants employed Plaintiff as an hourly-paid employee at Defendants' hotel from June of 2020 until January of 2021.

18. Defendants paid Plaintiff an hourly wage of $8.00.

19. At all relevant times herein, Defendants directly hired Plaintiff to work on their behalf, paid them wages and benefits, controlled their work schedules, duties, protocols, applications, assignments and employment conditions, and kept at least some records regarding their employment.

20. Plaintiff regularly worked hours which went uncompensated.

21. Plaintiff regularly worked shifts at the front desk of 12 hours or longer.

22. Plaintiff was also required to perform maintenance work for approximately 5 hours per day.

23. Plaintiff also assisted with laundry and housekeeping on a daily or near-daily basis.

24. Plaintiff regularly worked over forty hours in a week.

25. Plaintiff tracked his hours worked via paper timesheet, which he turned into Defendant at the end of each pay period.

26. Defendant generally paid Plaintiff for 40 hours of work per week, regardless of how many hours Plaintiff reported via his timesheet.

27. Plaintiff therefore regularly worked hours which went uncompensated.

28. In some weeks, Plaintiff worked so many hours which went uncompensated that his constructive hourly rate fell below the statutory minimum.

29. Defendants did not pay Plaintiff an overtime premium for hours worked over forty each week.

30. The work that Plaintiff performed was all or almost all completed on Defendants' premises.

31. Defendants knew or should have known that Plaintiff worked over 40 hours in at least some weeks.

32. Defendants knew or should have known that Plaintiff worked hours which went uncompensated.

33. At all relevant times herein, Defendants have deprived Plaintiff of sufficient overtime compensation for all hours worked over 40 each week.

34. Defendants knew or showed reckless disregard for whether their actions violated the FLSA.

## V.     CLAIM FOR RELIEF—VIOLATION OF THE FLSA

35. Plaintiff asserts this claim for damages and declaratory relief pursuant to the FLSA, 29 U.S.C. § 201, *et seq*.

36. At all relevant times, Defendants have been, and continue to be, an enterprise engaged in commerce within the meaning of the FLSA, 29 U.S.C. § 203.

37. 29 U.S.C. §§ 206 and 207 require any enterprise engaged in commerce to pay a minimum wage for all hours worked up to 40 each week and to pay 1.5x their regular wages for all hours worked over 40 unless an employee meets certain exemption requirements of 29 U.S.C. § 213 and all accompanying DOL regulations.

38. Defendants misclassified Plaintiff as exempt from the overtime requirements of the FLSA.

39. Defendants failed to pay Plaintiff a sufficient overtime premium for all hours worked over forty each week.

40. Defendants failed to pay Plaintiff a lawful minimum wage for all hours worked.

41. Defendants knew or should have known that its actions violated the FLSA.

42. Defendants' conduct and practices, as described above, were willful.

43. By reason of the unlawful acts alleged herein, Defendants are liable to Plaintiff for monetary damages, liquidated damages and costs, including reasonable attorney's fees provided by the FLSA for all violations which occurred beginning at least three years preceding the filing of Plaintiff's initial complaint, plus periods of equitable tolling.

44. Defendants have not acted in good faith nor with reasonable grounds to believe its actions and omissions were not a violation of the FLSA, and, as a result thereof, Plaintiff is entitled to recover an award of liquidated damages in an amount equal to the

amount of unpaid overtime premium pay described above pursuant to Section 16(b) of the FLSA, 29 U.S.C. § 216(b).

45. Alternatively, should the Court find that Defendants acted in good faith in failing to pay Plaintiff as provided by the FLSA, Plaintiff is entitled to an award of prejudgment interest at the applicable legal rate.

## VI.   PRAYER FOR RELIEF

WHEREFORE, premises considered, Plaintiff Jeffery Laird respectfully prays that each Defendant be summoned to appear and to answer this Complaint and for declaratory relief and damages as follows:

A.   Declaratory judgment that Defendants' practices alleged in this Complaint violate the FLSA and its related regulations;

B.   Judgment for damages suffered by Plaintiff for all unpaid wages under the FLSA and its related regulations;

C.   Judgment for liquidated damages owed to Plaintiff pursuant to the FLSA and its related regulations;

D.   An order directing Defendants to pay Plaintiff interest, a reasonable attorney's fee and all costs connected with this action; and

E.   Such other and further relief as this Court may deem just and proper.

Respectfully submitted,

**PLAINTIFF JEFFERY LAIRD**

SANFORD LAW FIRM, PLLC
Kirkpatrick Plaza
10800 Financial Centre Parkway, Suite 510
Little Rock, Arkansas 72211
Telephone: (501) 221-0088
Facsimile: (888) 787-2040

*/s/ Courtney Lowery*
Courtney Lowery
Ala. Bar No. 4047-v46j
courtney@sanfordlawfirm.com